Scudder, P.J., and Martoche, J.
(dissenting). We respectfully
dissent because we cannot agree with the majority that Supreme Court committed reversible error in refusing to allow defendant to call a defense witness whose testimony was, according to defendant, relevant on the issue of motive. While we recognize the constitutional right of a defendant to present a defense, including presenting his or her own witnesses (see People v Williams, 81 NY2d 303, 312 [1993]), a defendant does not have an unfettered right to offer testimony that is incompetent, privileged or otherwise inadmissible under the rules of evidence (see People v Hayes, 17 NY3d 46, 53 [2011], cert denied 565 US —, 132 S Ct 844 [2011]). The mere invocation of the right to offer testimony *1448 cannot automatically and invariably outweigh countervailing public interests (see Taylor v Illinois, 484 US 400, 414-415, reh denied 485 US 983 [1988]). Such interests include whether the probative value of the evidence “is outweighed by the danger that its admission would confuse the main issue and mislead the jury” (People v McKinley, 72 AD2d 470, 474 [1980]; see People v Harris, 209 NY 70, 82 [1913]). Here, the court concluded that the testimony would not be relevant to the issues at trial. We agree with that conclusion. The proffered testimony that defendant contacted another person suspected of giving information to the police about him two weeks before the incident in question and did not assault that person is not relevant to the issue whether defendant assaulted the victim in this case. Indeed, in our view the connection of the proffered testimony to the alleged assault was “neither apparent nor logical on its face” (Williams, 81 NY2d at 315). We further conclude that the witness’ proffered testimony was not “highly relevant and exculpatory” (People v Cummings, 191 AD2d 1012, 1013 [1993]) but, rather, it was “ ‘too . . . remote[ ] or conjectural to have any legitimate influence in determining the fact[s] in issue’ ” (People v Barnes, 109 AD2d 179, 184 [1985]). Thus, in our view, the court did not err in refusing to allow defendant’s proposed witness to testify. Present—Scudder, EJ., Centra, Lindley, Sconiers and Martoche, JJ.